UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANNA SMITH | CIVIL ACTION NO. 23-cv-1812 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| KABOOM ENTERPRISES, LLC ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Anna Smith, represented by attorney Scott Chafin, filed this civil action to recover damages she sustained when a fireworks display malfunctioned. Early in the proceedings, counsel for Plaintiff filed a motion to withdraw. Counsel reported that he served Plaintiff with written notice of his intent to withdraw in May 2024. The motion to withdraw was also served on Plaintiff.

The court issued an order (Doc. 20) that granted the motion to withdraw. The order stated that Plaintiff was "strongly encouraged to retain new counsel" and granted her more than a month, until July 12, 2024, to either (1) enroll new counsel to represent her in this case or (2) file with the court a written statement that she intends to represent herself. The order warned: "Failure to take one of those steps prior to July 12, 2024 may result in Plaintiff's case being dismissed, without further notice, for failure to prosecute." The docket sheet indicates that a copy of the order was mailed to Ms. Smith.

The July 12, 2024 deadline has passed, but there has been no action of record by Ms. Smith or an attorney acting on her behalf. The court provided ample time for Ms. Smith to secure new counsel or indicate her desire to proceed without counsel. Ms. Smith has not taken even the simple step of alerting the court that she desires to proceed on her own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in her case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar

that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of July, 2024.

Mark L. Hornsby
U.S. Magistrate Judge